

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

September 25, 1947

Hon. Fred V. Meredith,
County Attorney,
Kaufman County,
Kaufman, Texas

Opinion No. V-389

Re: Applicability of H. B.
120, 50th Leg., to the
crime of murder without
malice.

Dear Mr. Meredith:

Your request for an opinion upon the above subject matter is in part as follows:

". . . whether H.B. 120, 50th Legislature, the Adult Probation Law, would be construed to include or to exclude the offense of Murder Without Malice, or in other words whether the Court would have the power under the new act to probate the sentence of one convicted of Murder without Malice. Specifically, we have a couple of cases of the sort growing out of automobile collisions, death as a result, the defendant being an intoxicated driver at time of the collision."

That part of Section 1, of H.B. 120, of the 50th Legislature pertinent to your inquiry is as follows:

"The courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby shall have the power, after conviction or a plea of guilty for any crime or offense except murder, rape, and offenses against morals, decency, and chastity. . . to suspend the imposition or the execution of sentence. . . ."

Article 1256 of the Penal Code defines the offense of murder as follows:

Hon. Fred V. Meredith - Page 2  (V-389)

> "Whoever shall voluntarily kill any
> person within this State shall be guilty
> of murder."

In the case of Moseley v. State, 196 S.W.
(2d) 826, it is said:

> "Now every unlawful killing-that is, in-
> tended killing-is murder, with punishment auth-
> orized to be fixed therefor from two years' con-
> finement in the penitentiary to death, at the
> discretion of the jury. There are now no de-
> grees of the crime of murder. Indeed, one con-
> victed of murder which the jury found was com-
> mitted without malice may, upon a re-trial, be
> convicted of murder with malice and a punishment
> fixed accordingly. Joubert v. State, 136 Tex.
> Cr. R. 219, 124 S.W. 2d 368. Under our present
> murder statute, the question of murder with and
> without malice relates only to the punishment
> authorized to be inflicted."

Your question, therefore, is answered to the
effect that a murder without malice is nevertheless "mur-
der" within the meaning of H. B. No. 120, and as such is
not within the provisions for probation.

### SUMMARY

Murder without malice is within the excep-
tions to H.B. No. 120 of the 50th Legislature
and thus excluded from the probation provisions
therein contained. Moseley v. State, 196 S.W.
2d 822.

Yours very truly,

APPROVED:

ATTORNEY GENERAL

OS:mw:wb

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant